[Civil No. 4229.   Filed July 12, 1940.]

[140 Pac. (2d) 180.]

FRED KNAPP, Petitioner, v. ARIZONA HIGHWAY DEPARTMENT, Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. Richard G. Johnson, for Petitioner.

Mr. Rouland W. Hill and Mr. Howard A. Twitty, for Respondents.

LOCKWOOD, J.— This is an appeal by Fred Knapp, hereinafter called petitioner, from an award of the Industrial Commission of Arizona, hereinafter called the commission, denying him compensation for alleged injuries received by him as a result of an accident arising out of and in the course of his employment. Petitioner's only assignment of error is that the award is not sustained by the evidence, and he admits very frankly that the burden of proof is upon him to show that upon no reasonable consideration thereof could the commission have reached the conclusion which it did.

There are two material issues of fact involved in the case, (a) was there an accident arising out of

and in the course of his employment, as claimed by petitioner, and (b) if so, did such accident result in an injury entitling him to compensation under the law. It is necessary, of course, for petitioner to show on an appeal of this nature that the evidence is such that both of these questions must, *as a matter of law,* be answered in the affirmative. We consider them in their order.

The following facts are undisputed: Petitioner for some seven months prior to April 25, 1938, had been working for the state highway department some distance from Globe. On the 5th of May he went to Dr. Robert D. Cunningham, at Cibecue, for treatment for what Dr. Cunningham diagnosed as arthritis of the right knee, following an influenza infection. On May 23d he was taken to the hospital in Globe, where he was treated up to June 10th by Dr. Clarence Gunter, and from June 10th until he left the hospital about June 20th by Dr. R. D. Kennedy. These physicians also diagnosed the case as multiple arthritis. He was then taken to Mesa where he was treated by Doctors Sharp and Scherr, and had X-rays taken on two different dates, June 25th and September 26th. The last films showed what was admitted by all of the medical evidence to be definite osteomyelitis of the right femur. On November 30th petitioner for the first time made an application to the commission for compensation, in which he claimed that his condition was caused by an accident which occurred to him about the 25th of April. The commission investigated the matter, and after hearing and rehearing, denied compensation.

■ It is the contention of petitioner that the evidence also shows, without any reasonable conflict therein, that about the 25th of April he was working for the state highway department near Globe; that while shoveling dirt his shovel struck a boulder and his foot slipped off of the shoulder of the shovel, causing

him to fall on a rock and bruise his knee severely. It is this accident which he claims eventually resulted in the osteomyelitis from which he is undoubtedly now suffering. In support of his statement as to the accident he offered the testimony of several coworkers who, while differing in many details as to when, where and how the accident occurred, agreed substantially that he had suffered an accident to his knee while working for the highway department some time about April 25th. Two or three workmen, who admittedly were at that time at the place where the alleged accident occurred, testified that they did not see nor hear of any accident. If this were all the evidence on the question of the occurrence of the accident, and it were not impeached by any circumstances, we would be compelled to say that the commission was not authorized to find that the accident did not occur in substance as testified to by petitioner, for negative testimony cannot outweigh uncontradicted and unimpeached positive testimony. *Illinois Bankers' Life Assn.* v. *Theodore,* 44 Ariz. 160, 34 Pac. (2d) 423. On the other hand, if there is anything in the record which reasonably tends to show that the positive evidence of witnesses was either mistaken or false, the triers of fact may disregard such testimony entirely. 23 C. J. 47, and cases cited.

The commission claims there are many circumstances shown by the record which would authorize it to disregard the positive testimony of petitioner and his witnesses that an accident to his right knee did happen at about the time above stated. The first is that his witnesses did not agree among themselves as to where the accident happened, as to what time of day it happened, and as to whether it was caused by the applicant falling upon a stone or by a stone from the bank falling upon the applicant. It further appears that the applicant made no report of the accident

to his foreman nor to the commission for nearly seven months after it occurred, and not until his condition had, to his knowledge, become extremely grave. It is also in evidence that the brother of applicant attempted to induce several witnesses to testify falsely in regard to material matter connected with the case. Petitioner offered an explanation of all these things which, if believed by the commission, would have justified it in finding that notwithstanding such circumstances, an accident substantially of the nature described by petitioner really did occur. However, it declined to accept the explanation as satisfactory, and we think there is serious doubt as to whether under the circumstances shown by the record it was required, *as a matter of law,* to do so.

But even though we should hold that the commission, as a matter of law, was compelled on the evidence presented to find that petitioner did suffer an accident to his knee in substantially the manner described by him, the next question is whether it was also compelled to find that this accident was a contributing cause of the osteomyelitis, from which petitioner is unquestionably suffering.

We have the testimony of seven medical witnesses as to the causal connection between the osteomyelitis and the alleged accident. Two, who had treated petitioner, testified very positively and emphatically that, in their opinion, even assuming the accident to have occurred as alleged by petitioner, it had no causal connection whatever with the osteomyelitis which he admittedly afterwards developed. Five of them testified that in their opinion the trauma was a contributing cause of the disease.

We have pointed out repeatedly that when the question is of the causal connection between an accidental injury and a disease which appears some time

later in the injured person, the question is necessarily one which cannot be positively and exactly determined to a mathematical certainty, and that the nearest approach which can be made to the correct answer must be based upon the opinion evidence of medical experts. The laymen who make the ultimate award must reach their conclusion as to the accuracy of such opinions as a result of their belief in the comparative operative ability, experience and character of the different medical witnesses, and it is impossible for an appellate court to say, *as a matter of law,* which of such witnesses must be accepted by the triers of fact as expressing the correct opinion. As has often been said, triers of fact are not required to determine an ultimate fact based on evidence solely by counting the number of witnesses who testified on the one side or the other. No positive rule has been, nor logically ever can be, laid down on this point. The only practical working system is that when there is a reasonable conflict in the evidence, those who are entrusted by the law with the determination of the ultimate facts must, as a matter of law, be allowed to decide for themselves what conclusion they will reach. It is true that this may, and doubtless frequently does, work an injustice, but any other rule would, in our opinion, produce far greater injustice.

█ We think that there is evidence in the record from which, as a matter of law, the commission could draw the conclusion, if it so desired, that, even assuming the petitioner suffered the accident which he said he did, it was not the cause of his present condition.

In closing we think we should compliment counsel for petitioner for the excellent manner in which he has presented his case both in his brief and on oral argument, but we feel bound by the rule of law which we

have so often laid down in regard to the awards of the commission based on conflicting medical testimony.

The award is affirmed.

ROSS, C. J., and McALISTER, J., concur.