213 P.2d 471

**KORFF v. CHARLES LUKE CONST. CORPORATION et al.**

No. 5277.

Supreme Court of Arizona.

Jan. 16, 1950.

Denzil G. Tyler, Ajo, for petitioner.

H. S. McCluskey, Phoenix, Robert E. Yount and Donald J. Morgan, Phoenix, of counsel, for respondent Industrial Commission of Arizona.

DE CONCINI, Justice.

This is an appeal from an award of The Industrial Commission of Arizona, hereinafter called the commission, denying compensation for injuries alleged to have resulted from an accident arising out of and in the course of the employment of Charles Korff, hereinafter called the petitioner.

The petitioner was employed by the Charles Luke Construction Corporation, as a carpenter, at its property in Lukeville, Arizona. He worked there from December 10, 1948, to March 19, 1949. On April 22, 1949, petitioner filed a claim for compensa-

tion with the commission alleging that on or about March 8, 1949, he had suffered an injury by accident arising out of and in the course of his employment. Petitioner claimed he fell from a scaffold thereby injuring his left hip and leg.

On June 18, 1949, the commission entered its findings and award denying compensation to the petitioner on the ground that petitioner did not sustain a personal injury by accident arising out of and in the course of his employment. On August 12, 1949, at a rehearing requested by the petitioner, the commission reaffirmed its original finding and award denying compensation. Petitioner brings this case here for review on the ground that the commission's finding is not sustained by the evidence.

It is a generally accepted rule that in proceedings before the commission under the Workmen's Compensation Act, A. C.A.1939, § 56-901 et seq., the claimant, alleging he is entitled to compensation, must sustain the burden of proof that he is entitled thereto. Hunter v. Wm. Peper Const. Co., 46 Ariz. 465, 52 P.2d 472; Vest v. Phoenix Motor Co., 50 Ariz. 137, 69 P.2d 795.

In order to be entitled to compensation the claimant must sustain the burden of proof by showing (a) there was an accident arising out of and in the course of his employment, and (b) that such accident resulted in the injury for which the law provides compensation. Knapp v. Arizona Highway Department, 56 Ariz. 54, 140 P.2d 180. In reviewing an award of the commission denying compensation it must appear that the evidence is such, that, as a matter of law, the award of the commission must be set aside. The petitioner must therefore prove that upon no reasonable consideration of the evidence could the commission have reached its conclusion. Knapp v. Arizona Highway Department, supra.

The petitioner testified that he had sustained an accident by falling from a scaffold and hanging by his foot from the top rung of a stepladder which was corroborated by one Reynolds, an employee of a nearby service station. However, he failed to establish a causal connection between the alleged injury with the accident except by his own testimony. He further testified that he promptly notified the foreman of his employer that he suffered an accident and injury.

Both the foreman and Charles Luke, his employer, denied that petitioner ever notified either of them although he had ample opportunity to do so. Petitioner continued to work until March 19, 1949, at which time he was laid off. Subsequently to that time he worked for two other employers. On April 4th petitioner sought medical help for the first time. The doctor's diagnosis described his trouble in these words: "disability seems to show injury to sciatic nerve," and reiterates petitioner's words that a month before petitioner fell from

a scaffold and caught his foot in the rung of a ladder.

The question then is, did petitioner suffer a compensable injury as a result of the accident?

Petitioner's proof that he showed signs of injury after the accident consisted of his own testimony and that of his wife and Mrs. Hocker. The latter two were vague and indecisive as to when he first showed signs of injury.

The extrinsic evidence surrounding the case, is that he continued to work for 11 days at 8 hours per day for the same employer; that he subsequently worked for two other employers; that nearly one month elapsed before he visited a doctor; and the conflicting evidence as to whether or not he·reported the accident.

This court has held in prior cases that the uncontradicted testimony of an otherwise unimpeached and creditable witness may not be rejected by the triers of fact when there is nothing intrinsic in the evidence itself, or extrinsic in the circumstances of the case which casts suspicion thereon, or unless the witness is an interested party. Davis v. Industrial Commission, 46 Ariz. 169, 49 P.2d 394; Otero v. Soto, 34 Ariz. 87, 267 P. 947; Crozier v. Noriega, 27 Ariz. 409, 233 P. 1104; Wiggins v. Pratt-Gilbert Hardware Co., 48 Ariz. 375, 62 P.2d 124.

Assuming that petitioner did suffer an accident, he failed to prove any causal connection between the accident and his injury except by his own testimony and that of his wife and Mrs. Hocker whose statements were vague and indecisive. The commission may disregard the testimony of an interested party and consider anything extrinsic in the circumstances of the case which casts suspicion thereon. The commission having made its findings and award, and their being sufficient legal evidence to sustain the award, this court will not disturb it.

Award affirmed.

LA PRADE, C. J., and UDALL, STANFORD, and PHELPS, JJ., concurring.