347 P.2d 699

**Della I. CAIN, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, and St. Luke's Hospital, Respondents.**

No. 6804.

Supreme Court of Arizona.

Dec. 23, 1959.

Bayham & Huffsteter, Phoenix, for petitioner.

Frances M. Long, Phoenix, Donald J. Morgan, James D. Lester, Edward E. Davis and C. E. Singer, Jr., Phoenix, of counsel, for respondent Industrial Commission.

PHELPS, Chief Justice.

By certiorari petitioner seeks to set aside an award of the respondent Industrial Commission based upon an injury she claims she suffered as an employee of St. Luke's Hospital on April 4, 1958, by accident arising out of and in the course of her employment.

Petitioner was employed by the St. Luke's Hospital as a general helper. While standing on a box in the kitchen beside the kitchen sink, reaching above her head washing tile above the sink the box on which she was standing tipped as a result of some movement of another employee to her left who was washing pans. This caused the box on which she was standing to turn sideways causing petitioner to fall sideways and to the right. She did not fall to the floor but, to the best of her knowledge, fell against the edge of the sink and cut the little finger on her right hand causing it to bleed profusely, and petitioner says she also suffered at the same time injury to her shoulder, neck and back. The accident and injury was duly reported to the Industrial Commission and a claim therefor timely filed.

On July 2 following, the Industrial Commission (hereinafter called Commis-

sion) entered its findings and order to the effect that petitioner was injured on April 4, 1958, by accident arising out of and in the course of her employment by St. Luke's Hospital; that she was physically able, on the previous June 21, to return to light work and directed her to make a sincere, honest and conscientious effort to obtain light work which she was physically competent to perform, etc. It therein declared she was entitled to compensation while on a partial temporary status, based upon 65 per cent of the difference between her average monthly wage prior to the injury and that which she was able to earn after June 21, 1958. The Commission reserved jurisdiction to suspend all further benefits if petitioner failed to comply with its order to seek light employment.

On September 3, 1958, the Commission considered petitioner's application and having heard evidence and reports bearing upon her injuries made its findings and award, and found that petitioner was entitled to accident benefits (medical) through August 11, 1958, and awarded her compensation in the total sum of $452.09, and ordered an unpaid balance thereof in the sum of $58.81 to be paid forthwith.

Thereafter, and within the time prescribed by the rules the petitioner filed her application for a rehearing based upon the ground that the findings and award were unjust and unlawful in that the evidence did not support the findings and that the findings did not support the decision, order or award, and alleged that contrary to its findings, she had dependents.

A rehearing was granted and a hearing had on November 5, 1958. Doctors Charles Lofdahl and Arthur C. Carlson were then examined at length by both the counsel for petitioner and the referee, together with petitioner and a representative of St. Luke's Hospital. On December 19 following the Commission affirmed its award of September 3, 1958. It is from the last above finding and award that a review of this Court is sought.

It is urged by counsel for petitioner that she is suffering from a traumatic neurosis as a result of her injuries and that this phase of her injury was not considered by the Commission and that it should have ordered a neurological consultation in this case, and failure to do so constituted an arbitrary and capricious attitude contrary to the law and the evidence.

█ It is thoroughly established in this jurisdiction that the burden is upon the injured party to establish his or her claim to the reasonable satisfaction of the Commission. Bochat v. Prescott Lumber Co., 51 Ariz. 97, 74 P.2d 575; Schwieterman v. Industrial Commission, 76 · Ariz. 58, 258

P.2d 818. *To the reasonable satisfaction of the Commission* simply means by a reasonable preponderance of the evidence. Cole v. Town of Miami, 52 Ariz. 488, 83 P.2d 997. We also held in those cases that the Commission was not required to disprove the contention of the petitioner.

Petitioner seems to have had the advantage of having several examinations by a number of doctors, and counsel for petitioner, as per request, had the opportunity of examining two doctors on whether she was suffering from a traumatic neurosis. The doctors testifying were Drs. Lofdahl and Carlson above mentioned whom counsel examined at length, both on the subject of whether petitioner was suffering from a traumatic neurosis and, if so, whether the fall and injury of which complaint is made was the proximate cause of such ailment. Dr. Lofdahl, specialist in orthopedics, testified he saw her on August 5, 1958; that he and Dr. Carlson made a neurological examination of her and found nothing to indicate that a neurological consultation should be had. He said Dr. Meredith had been her physician through it all; that if a neurological examination should be made he was the proper person to suggest it. This he had not done he said. The petitioner complains of falling at times without any apparent reason. Dr. Lofdahl testified that even if this is true her injury has no causal relation to her falling.

Dr. Arthur C. Carlson who specializes in surgery was present with Dr. Lofdahl at the time petitioner was examined. He testified that it was the opinion of the consultants that the petitioner's condition was stationary, and that she would require no further treatment and that she has no permanent disability. He stated they found no objective findings to substantiate her complaint. He said Dr. Meredith's treatment of her for muscular spasms which he reported she suffered following the accident and injury, required frequent attention by a physician until relief is had. He said they found evidence of hypertrophic arthritis present and that trauma may cause pain for the first time but after a shorttime it subsides and one experiences no further trouble as a result of the trauma unless the injury was severe enough to injure the bone. Dr. Carlson stated that the injury being of a minor nature could not have injured the central nervous system of petitioner. He stated that to injure the central nervous system the injury would have had to be severe. He further stated that the central nervous system would have to be injured severely to cause her to fall as she testifies she does. The injury must have been to the central nervous system to produce the falls. Injury somewhere else would not have that effect.

Dr. Lofdahl, after being questioned about her frequent falling without any ap-

parent reason since her injury, stated that he didn't think they had any connection with her accident.

■ Dr. Meredith, her regular physician originally reported, in addition to a cut finger, she had a tenderness and muscular spasm, forearm, neck, back and shoulder. He reported her able to do light work as of June 20, 1958. He at no time recommended a neurological consultation in her case. Counsel for petitioner rely primarily on the contention that it was the duty of the Commission to order such a consultation and that its failure to do so was arbitrary and capricious and contrary to law. This Court stated in Egelston v. Industrial Comm. of Arizona, 52 Ariz. 276, 80 P.2d 689, that the Commission was under no duty to procure and pay for expert testimony merely because, in the opinion of the petitioner, it might throw further light on the case. We reaffirm that holding here.

■ The petitioner has wholly failed to sustain the burden of proof in this case and there is substantial evidence to sustain the findings and award of the Commission.

Award affirmed.

STRUCKMEYER, UDALL, JOHNSON, and BERNSTEIN, JJ., concurring.