357 P.2d 152

Clarence James HELMERICKS, Jr.,
Petitioner,

v.

AIRESEARCH MANUFACTURING COM-
PANY OF ARIZONA, a Division of the
Garrett Corporation, Respondent Employer,
and The Industrial Commission of Arizona,
Respondent Insurance Carrier.

No. 6791.

Supreme Court of Arizona.

Dec. 7, 1960.

Shelley & Holroyd, Phoenix, for petitioner.

Kramer, Roche, Burch & Streich, Phoenix, for respondent employer, Garrett Corp.

Donald J. Morgan, Phoenix, for respondent insurance carrier, Industrial Commission. °

BERNSTEIN, Justice.

Petitioner seeks by certiorari to review an award of The Industrial Commission of Arizona (hereinafter called the "Commission") denying him compensation and medical benefits. The Commission found that petitioner had suffered neither an "occupational disease" as defined by A.R.S. § 23–1102, nor a "personal injury by accident arising out of, and in the course of [his] employment" as defined by A.R.S. § 23–901, subd. 8.

Between February 6 and 15, 1958, when petitioner allegedly suffered the injury for which compensation is sought, he was employed by AiResearch Manufacturing Company of Arizona, a division of Garrett Corporation (hereinafter called "AiResearch"). Petitioner originally came to AiResearch in 1953 and in September, 1955, was assigned to the company's acoustical group. In such employment, petitioner, an engineer by profession, was engaged in making studies and evaluating and gathering data pertaining to sound, and was so occupied through February, 1957. This work required moving to various noise sources within the several AiResearch facilities and involved exposure to noises of high frequency and severe intensity on numerous intermittent occasions.

On February 6, 1957, petitioner developed a dull ache in his ears while making a sound survey at the AiResearch plant in Los Angeles. Although the survey involved exposure to sound of high intensity, petitioner continued the work until February 15th when the pain in his ears reoccurred. On this occasion, the earache was accompanied by nausea, upset stomach and dizziness. Petitioner then was examined by doctors, both in Los Angeles and Phoenix, and it was discovered he was suffering from a nerve type deafness in both ears, more marked in the high frequency sound levels. Petitioner duly filed his claim for compensation with the Commission which, after hearing and rehearing, issued its "Award for Non-Compensable Claim."

A finding of the Commission must be given the same consideration as that of a jury or a trial judge. West Chandler Farms Co. v. Industrial Commission, 64 Ariz. 383, 387, 173 P.2d 84, 86. This Court has stated several times that:

"In reviewing an award of the commission denying compensation it must

appear that the evidence is such, that, as a matter of law, the award of the commission must be set aside. The petitioner must therefore prove that upon no reasonable consideration of the evidence could the commission have reached its conclusion." Korff v. Charles Luke Const. Corporation, 69 Ariz. 312, 314, 213 P.2d 471, 472; See Knapp v. Arizona Highway Department, 56 Ariz. 54, 59, 104 P.2d 180, 182.

We must, therefore, determine whether the evidence is such that, as a matter of law, the Commission's award should be set aside. Three doctors appeared before the Commission. The testimony of Dr. F. R. Rabe, a general practitioner, dealt with his action in removing petitioner from the noisy work environment, and referring petitioner to an ear specialist. Dr. Douglas W. Frerichs, an ear, nose and throat specialist, testified, for the most part, about the possible causal relationship between petitioner's employment and hearing loss and about the nature of the hearing loss. Dr. Robert F. Nagel, an expert in speech and hearing disorders, explained the results of various audiometric tests which he administered to petitioner. Of the three, only Dr. Frerichs testified as to the possible cause of petitioner's hearing loss.

In his reply brief, petitioner refers to the "uncontroverted testimony of Dr. Frerichs, * * * to the effect that, in his opinion, petitioner suffered nerve damage to his ears due to exposure to excessive noises * * *." This is more fancy than fact. The transcript discloses that the doctor was equivocal each time he was examined on the question of the cause of petitioner's hearing loss. He stated "I found this patient definitely has a nerve type of deafness which may or may not be related to his employment." He was asked whether he knew positively what caused petitioner's condition and he answered he did not know. Later he said, "I would have limited the classification to either hereditary nerve deafness for one particular cause or noise exposure." He was asked, "Do you have any opinion whether or not exposure to noise could cause symptoms that Mr. Helmericks complained of * * *?" He replied: "I believe that could." The following question was then put to the doctor: "* * * can you express a medical opinion with reasonable certainty, * * * what Mr. Helmericks' hearing loss is attributable to, exposure to excessive noise or whether it is hereditary in nature?" He responded: "As long as there are no audiometric examinations done prior to this exposure period (which was the case) it would be impossible for me to say with any certainty whether he had noise exposure deafness or hereditary tingling in his ears." The doctor's most positive statement was clouded with reservation. The following question was propounded: "* * * am I correct in stating that you are of the opin-

ion, although you are not able to explain it beyond a reasonable degree of medical certainty, that this nerve damage has been due to exposure to excessive noises?" The doctor replied "I am of that opinion but I would feel I couldn't say it with great certainty with the previous records."

■ In Cross v. Industrial Commission, 81 Ariz. 222, 225–226, 303 P.2d 710, 712–713, this Court concluded in similar circumstances, that:

"We do not feel that under this state of the record, we would be justified in saying that the evidence was such as compelled the commission to adopt one of several possibilities and thereby require the commission to decide that the petitioner has by uncontradicted evidence proven that the injury was caused or contributed to by the accident."

Where, as here, the only expert testimony touching the problem of causation is "impregnated with substantial uncertainty" and "* * * as a whole it is susceptible of an interpretation that the doctor is speaking more of possibilities than probabilities," this Court has stated it "* * * cannot require the commission to find a fact on possibilities." Gronowski v. Industrial Commission, 81 Ariz. 363, 366, 306 P.2d 285, 287; Cross v. Industrial Commission, 81 Ariz. 222, 225–226, 303 P.2d 710, 712–713.

■ It must be remembered that the burden of proof is on the applicant to show affirmatively all the material elements necessary to sustain an award, and that it is unnecessary for the Commission to disprove an asserted claim. Cain v. Industrial Commission, 87 Ariz. 40, 347 P.2d 699; Harrington v. Industrial Commission, 84 Ariz. 356, 328 P.2d 311; Sheridan v. Industrial Commission, 84 Ariz. 264, 327 P.2d 90; Smith v. Industrial Commission, 82 Ariz. 75, 308 P.2d 698.

■ Although the testimony of Doctor Frerichs was uncontradicted, it was so fraught with uncertainty that there were reasonable bases upon which the Commission could have reached its conclusion. This Court has uniformly held that a finding of the Commission is conclusive upon this Court unless it has no support in the evidence. Application of Barrett, 78 Ariz. 219, 221, 278 P.2d 409, 410; Phelps Dodge Corp. v. DeWitt, 63 Ariz. 379, 389–390, 162 P.2d 605, 609. We recently said that "For us to * * * find a fact, the evidence must be such that there is but one possible inference to be drawn therefrom." Gronowski v. Industrial Commission, 81 Ariz. 363, 366, 306 P.2d 285, 286–287.

The consistently equivocal nature of the only expert testimony dealing with the cause of petitioner's hearing loss drives us to conclude that the Commission's findings were justified. Having reached this con-

clusion, it is unnecessary for us to consider other questions raised by this petition.

The award is affirmed.

STRUCKMEYER, C. J., and PHELPS, UDALL and LESHER, JJ., concur.