439 P.2d 485

Caroline V. MALINSKI, Widow of Lawrence E. Malinski, Deceased, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Defendant Insurance Carrier, Black and Ryan Distributors, Defendant Employer.

No. 9162–PR.

Supreme Court of Arizona, In Banc.

March 27, 1968.

Rehearing Denied April 23, 1968.

Gorey & Ely, by Stephen S. Gorey and Herbert L. Ely, Phoenix, for petitioner.

Dee-Dee Samet, Phoenix, for respondent, The Industrial Commission, Robert K. Park, Chief Counsel, Robert D. Steckner, Glen D. Webster, Phoenix, Spencer K. Johnston, Tucson, Joyce Volts, Arthur B. Parsons, Jr., Noel J. R. Levy, Donald L. Cross, William E. Smith, Michael A. Lasher, Jr., Phoenix, of counsel.

McFARLAND, Chief Justice:

This case is before us on a petition for review of a decision of the Court of Appeals, 6 Ariz.App. 387, 433 P.2d 38, vacating an award of The Industrial Commission of Arizona. Decision of Court of Appeals vacated, and award affirmed.

Petitioner is the widow of Lawrence E. Malinski, who, at the time of his death, was employed as an appliance repairman by Black and Ryan, Distributors. The Commission denied her claim for death benefits on the ground that his death was not caused by an accident arising out of and in the course of his employment.

The facts were vague, equivocal, incomplete, and, in some cases, contradictory. The deceased employee lived between 8th and 9th Streets, on East Carol, which is about 9500 North in Phoenix, Arizona. The shop where he worked was at 27th Street and Washington (zero North). The numbered streets run North and South, with the number of the street increasing as one goes East. To go home, therefore, the employee would have to travel West and North. Because the streets between 7th and 16th Streets are not cut through, the most natural way home would be to go West on Washington Street to 7th or 16th Street, and then North.

The employer had several repairmen, including the deceased employee, who went

to customers' homes to make repairs. For this purpose they were usually furnished with employer-owned trucks which the employees were permitted to use in going to and from home to work. Shortly prior to Malinski's accident, the truck furnished to him was in need of repairs. The employer decided not to fix or replace it, took Malinski off outside service, and made him an inside repairman. This was done partly because the employee was not good at repairing refrigeration and air-conditioning machinery, and partly because the business of making repairs in homes was not large enough to justify repairing or replacing the truck. As a result of this decision, Malinski had to furnish his own transportation to and from work, and for this purpose he used his own motorcycle. On September 10, 1963, three co-employees saw Malinski leave the employer's shop at about 5 p. m. At 5:33 p. m. his motorcycle was struck at the intersection of 15th Street and Granada (about 1900 North), and he was fatally injured.

The Commission denied the widow's claim for death benefits because it seemed obvious that the employee was killed away from the employer's premises, after working hours, on his way home from work, and not on his employer's business. The widow claimed that the employee customarily used 16th Street to go North from work to home; however, the employer's service manager had occasionally seen Malinski use other streets on the way to work.

The record also shows that the outside-service employees frequently stopped at the homes of customers to reconnoiter jobs scheduled for the following day, so that they would know what tools and spare parts to bring along in the morning, thus saving a trip to the shop.

On June 26, 1964, the Commission found that Malinski died in a motorcycle accident that did not arise out of or in the course of his employment, or in the line of duty. The widow then petitioned for a hearing on the ground that her husband was going home by a circuitous route, for the purpose of checking a job that he intended to do the following day.

At a hearing on October 19, 1964, Mr. Kline, a co-employee, testified that he knew Malinski often stopped at customers' homes on his way home. Another co-employee, Mr. Gamel, testified that though this might be true, the employees made such calls only when they were given a work order for a particular job for the following day.

On November 25, 1964, the referee for the Industrial Commission found that Malinski was not on a service call for his employer on the day in question, and on December 22, 1964, the Commission affirmed its June 26, 1964, findings and award.

Later investigation by the widow's attorney and the Commission's investigator turned up a work order taken by telephone on Monday, September 9, 1963, regarding a service call requested by one Connie Lambert whose home was at the corner of 14th Street and East Garfield (900 North). She testified that a man answering Malinski's description called at her house at about 4:45 p. m. on a Tuesday; that she thought it was the first Tuesday after Labor Day (September 3, 1963), but it might have been the 10th of September; that the picture of the deceased employee resembled the service man who called; and that the man who called was not the one who called several days later and fixed her air-conditioner. There was evidence that no Black and Ryan service man other than Malinski answered Mrs. Lambert's description of a stocky man with grey hair. There was testimony by the employer's dispatcher that he took the Lambert telephone call, and that it was *not* given to Malinski; that Malinski was not fully qualified to service air-conditioners, and therefore would not have been selected to make this call; and that Malinski carried no tools in his motorcycle with which to make any repairs.

Further investigation and another hearing followed, after which, on February 17, 1966, the Commission found (1) That at

the time of the accident the employee was on his way home; (2) That he was not performing services for his employer; (3) That the employer neither provided transportation nor paid mileage for travel to and from work; and (4) That the accident did not arise out of or in the course of employment.

The widow's attorney petitioned for legal reconsideration, alleging that the first three findings were not determinative of the controversy, and that the fourth finding was a conclusion of law rather than a finding of fact. On May 22, 1966, the Commission affirmed its findings and award of February 17, 1966, without amending the findings. The widow then carried the matter to the Court of Appeals where the award was set aside.

■ The petitioner has the burden to show affirmatively that he is entitled to compensation, and the Commission is not required to disprove such claim. Waller v. Industrial Commission, 99 Ariz. 15, 406 P.2d 197; Helmericks v. Airesearch Manufacturing Co. of Ariz., 88 Ariz. 413, 357 P.2d 152. This Court, in Muchmore v. Industrial Commission of Arizona, 81 Ariz. 345, 306 P.2d 272, stated:

"Before attempting an analysis of the voluminous evidence adduced in a four-day hearing, which consists of 571 pages of reporter's transcript, we deem it advisable to restate some of the principles governing such a review (they are so well established in this jurisdiction as to require no citation of authority): (1) the burden of proving that the accident which resulted in injury or death arose out of and in the course of the person's employment rests upon petitioner; (2) the commission as trier of facts is not required to disprove it; (3) the legal proof required may be either direct, circumstantial or facts giving rise to a rebuttable presumption; and (4) evidence adduced will be considered in a light most favorable for sustaining the award."

. Petitioner in the instant case contends that the court should have made a finding as to whether the deceased made a service call at Lamberts' on the evening of the accident. The burden is upon petitioner to establish his claim. Waller, supra; Helmericks, supra; Muchmore, supra.

■ The question before the Court is whether The Industrial Commission's findings of fact were sustained by substantial evidence. The findings of The Industrial Commission will not be disturbed when the evidence is conflicting, and there is substantial evidence to support the findings. Ware v. Industrial Commission, 92 Ariz. 188, 375 P.2d 384; Minton v. Industrial Commission of Arizona, 90 Ariz. 254, 367 P.2d 274. The findings of the Commission were supported by substantial evidence, even though there was a conflict. Minton, supra.

■ The evidence before the Commission justified the application of the following principles which we have set forth many times as governing appellate courts in their review of Commission compensation cases:

"* * * [T]his Court does not weigh the evidence, but considers it in the light most favorable for sustaining the award. * * *" Mountain States Telephone and Telegraph Company v. Industrial Commission of Arizona, 96 Ariz. 72, 392 P.2d 28.

"* * * This court is limited in its review to a determination of whether or not there is evidence in the record which would justify the finding of the Commission. * * *" McGee v. San Manuel Copper Corp., 89 Ariz. 244, 360 P.2d 1024.

"It is thoroughly established in this jurisdiction that the burden is upon the injured party to establish his or her claim to the reasonable satisfaction of the Commission * * *. We also held * * * that the Commission was not required to disprove the contention of

the petitioner." Cain v. Industrial Commission, 87 Ariz. 40, 347 P.2d 699.

"* * * In cases of this nature, the commission is the trier of fact, and, as we have repeatedly said, unless its conclusion is arbitrary and cannot be supported on any reasonable theory of the evidence, we are bound thereby, even if we, sitting as triers of fact, would reach a different conclusion on the evidence." Cole v. Town of Miami, 52 Ariz. 488, 497, 83 P.2d 997, 1001.

■ Our workmen's compensation act, like those of most jurisdictions, was not intended to give protection to workers going to and from work. Strauss v. Industrial Commission, 73 Ariz. 285, 240 P.2d 550.

■ Viewing the evidence in the light most favorable to the award, the Commission was justified in making the findings and award which it made in the instant case. As stated in Arnott v. Industrial Commission, March 7, 1968, 103 Ariz. 182, 438 P.2d 419, we held:

"As a trier of the facts, it is the privilege and the duty of the Commission— and not of an appellate court—to resolve all conflicts in the evidence, and draw warranted inferences; where more than one inference may be drawn, the Commission is at liberty to choose either, and this court will not disturb its conclusion unless it is wholly unreasonable. Waller v. Industrial Commission of Arizona, 99 Ariz. 15, 406 P.2d 197; Muchmore v. Industrial Commission of Arizona, 81 Ariz. 345, 306 P.2d 272. * * *"

For the above reasons, the decision of the court of appeals is vacated, and the award of The Industrial Commission of Arizona affirmed.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.