454 P.2d 985

In the Matter of the ESTATE of Robert L. BEDWELL, Deceased.

Laverne BEDWELL, Widow, Judy Bedwell, Minor child, Petitioners,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

G. T. R. Construction Company, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 9647–PR.

Supreme Court of Arizona.

In Banc.

May 29, 1969.

Rehearing Denied June 24, 1969.

Strickland, Altaffer, Davis & Eppstein, by Robert Eppstein, Tucson, for petitioners.

Robert D. Steckner, Phoenix, Acting Chief Counsel, Industrial Commission of Arizona, Robert K. Park, Chief Counsel, by Donald L. Cross, Phoenix, for respondent Carrier State Compensation Fund.

STRUCKMEYER, Justice.

This is a review by certiorari to test the findings and award of the Industrial Commission of the State of Arizona denying death benefits to the surviving spouse and child of Robert L. Bedwell. Bedwell sustained a compensable accident in the course of his employment on the 9th of June, 1966. On April 25, 1967, Bedwell died, the cause of death being cancer of the left kidney with metastasis of the liver. The Industrial Commission found a non-compensable claim. The Court of Appeals set aside the award. We granted review. Opinion of the Court of Appeals vacated and award affirmed, 9 Ariz.App. 350, 452 P.2d 131.

The single question presented by this review stems from this testimony by Dr. Darwin W. Neubauer:

"Q. All right, now in this case, and assuming that hypernephroma of the left kidney existed prior to the accident of June 9th, 1966, do you have an opinion as to whether or not the trauma of that accident in some degree shortened the life of Robert Bedwell?

"A. [Dr. Neubauer] This is of course an extremely difficult one to answer. You know this. I mean, it has to be on assumption. This man incurred truma. I do believe the truma lowers our resistance. Probably there was some shortening of the man's life."

It is argued for petitioners that the trauma of the accident combined with the deleterious effect of the cancer, a pre-existing condition, caused Bedwell's death at a time when otherwise it would not have occurred. Hence, the death was compensable as an aggravation of the debility from hypernephroma.

■ In considering their position we first note certain principles governing appellate review of compensable awards which have been stated and restated by this court. It is the burden of an applicant to show affirmatively all of the material elements necessary to sustain an award. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485; Helmericks v. Airesearch Mfg. Co., 88 Ariz. 413, 357 P.2d 152; Cain v. Industrial Commission, 87 Ariz. 40, 347 P.2d 699; Harrington v. Industrial Commission of Arizona, 84 Ariz. 356, 328 P.2d 311; Sheridan v. Industrial Commission, 84 Ariz. 264, 327 P.2d 90; Smith v. Industrial Commission of Arizona, 82 Ariz. 75, 308 P.2d 698. The test in reviewing an award denying compensation is that it must appear that the evidence was such that, as a matter of law, the award of the commission cannot be sustained because there is no reasonable basis in the evidence upon which the commission could have reached its conclusion. Helmericks v. Airesearch Mfg. Co., supra;

Application of Barrett, 78 Ariz. 219, 278 P.2d 409; Korff v. Charles Luke Const. Corporation, 69 Ariz. 312, 213 P.2d 471; Phelps Dodge Corp. v. DeWitt, 63 Ariz. 379, 162 P.2d 605. The weight which must be accorded the commission's finding is that they be given the same consideration as those of a jury or a trial judge. Melinski v. Industrial Commission, supra; Phelps Dodge, Corp., Morenci Branch v. Industrial Commission, 90 Ariz. 379, 368 P.2d 450. In this the commission is the judge of the weight of the evidence and its conclusions based on the weight of the evidence will not be disturbed on appeal, Valerio v. Industrial Commission, 85 Ariz. 189, 334 P.2d 768. The reviewing court always considers the evidence in a light most favorable to sustaining the award. Melinski v. Industrial Commission, supra; see Cross v. Industrial Commission, 81 Ariz. 222, 303 P.2d 710.

■ Dr. Neubauer is the only medical expert who testified in the case. It is apparent from his testimony above quoted that in giving his opinion he was required to assume a fact—the fact being that tumor of the left liver existed prior to the industrial accident of June 9, 1966. Dr. Neubauer, in stating that there was probably some shortening of Bedwell's life, expressly predicated his answer on the assumption that the tumor existed prior to the accident. We do not enter upon a discussion of the proposition of whether, if the cancer had been factually established as existing prior to June 9, 1966, the doctor's answer would have had such convincing force as to mandatorily require the finding of a compensable award. We think it is sufficient to point out that an opinion predicated upon a supposition has no basis other than speculation and conjecture and would have been wholly insufficient to sustain a compensable award had such an award been made in the first instance.

The statements of the court in Helmericks, supra, are particularly applicable:

"Although the testimony of Doctor Frerichs was uncontradicted, it was so fraught with uncertainty that there were reasonable bases upon which the Commission could have reached its conclusion. [non-compensable injury]

\* \* \* \* \* \*

"The consistently equivocal nature of the only expert testimony dealing with the cause of petitioner's hearing loss drives us to conclude that the Commission's findings were justified." 88 Ariz. at 416, 357 P.2d at 154.

Decision of the Court of Appeals is vacated and the award of the Industrial Commission is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and HAYS, JJ., concur.