459 P.2d 342

Samuel **T. HOOTON, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona,**
Respondent,

Morris J. Cohn (Best Dry Cleaners),
Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 259.

Court of Appeals of Arizona,
Division 1.
Department A.

Oct. 9, 1969.

Rehearing Denied Nov. 6, 1969.
Review Denied Dec. 16, 1969.

---

Charles M. Wilmer, Phoenix, for petitioner.

Michael A. Lasher, Former Chief Counsel, Donald L. Cross, Phoenix, Chief Counsel, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Arthur B. Parsons, Phoenix, for respondent Carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of the Industrial Commission of Arizona issued April 2, 1968, denying the petitioner's motion to reopen.

Petitioner suffered an industrial episode on June 18, 1966, while working as a dry-cleaning-route man, a job he had performed for 12 years. The temperatures for that day were within normal range for Phoenix. His injury consisted of heat exhaustion, with secondary aggravation of a pre-existing heart condition. Petitioner was attended by Dr. S. M. Weisman, a general practitioner, and was seen in consultation by Dr. William E. Dozer, an internist. Dr. Dozer made the following report to the Commission:

> "Impression is that this man indeed does have coronary heart disease. He has proven this by having a healed inferior myocardial scar and also from the appearance of the ST segments one would be impressed that there was generalized disease of the coronary arteries. There is no evidence, however, to suggest a recent area of myocardial damage and do not think this is what caused the patient's collapse. I feel rather that the patient suffered from heat exhaustion and because of his coronary artery disease developed a very irritable myocardium and the preinfarction type syndrome which he presents with."

The Commission issued an award on October 22, 1966, which found that petitioner had no disability resulting from the accident. The award was allowed to become final.

Approximately one year later, in June 1967, the petitioner suffered a non-employment-related heart attack and was hospitalized. In March 1968 petitioner

filed a petition to reopen his claim, alleging that his industrial injury did in fact cause a permanent disability, and that the heart attack of June 1967 was new and additional evidence of that fact. His petition to reopen was supported by a report from Dr. Weisman. The petition was denied, and a petition for hearing was filed, resulting in a formal hearing.

Both Dr. Dozer and Dr. Weisman testified at the hearing. Dr. Dozer was questioned with regard to the causation, and testified as follows:

"MR. PARSONS: Let me rephrase the question.

"Q  Did the 1966 heat exhaustion, not the heart problem, but the heat exhaustion, in any way cause the 1967 heart condition?

\*     \*     \*     \*     \*     \*

"A  \* \* \* My first impression would be that no, there isn't. However, one could easily see if we were talking about a patient who has diffuse involvement of one or more of the coronary arteries, that could be that this could conceivably have relationship, particularly if he has rather poor collateral circulation develop. If you are talking about a person who has a singular plaque with good collateral circulation, then the answer would be obviously no, there would be no relationship at all. However, I could not answer the question one way or the other without this knowledge, and this knowledge would only be helpful to me, it wouldn't really be diagnostic.

"MR. PARSONS:

"Q  So you are not able to answer the question with any degree of medical certainty?

"A  Yes."

On cross-examination, Dr. Seymour Weisman testified as follows:

"Q  Doctor, you directed a letter to Mr. Wilmer dated February 27th of 1968 in which you have stated in your final paragraph, 'In view of the facts presented above it seems reasonable to me that these two episodes requiring hospitalization are related.'

"A  Yes.

"Q  Now, would you explain that to me, sir, what you mean by that?

"A  Well, I mean that the first episode caused initial damage which would probably be related in a slight extent, or say an undeterminable extent to the second. Each insult that the heart has weakens it to some extent. Sometimes you can measure that extent, sometimes it's not measurable.

"Q  Tell me this, is there any relation between heat exhaustion and the 1967 episode?

"A  Only indirectly inasmuch as the heat exhaustion in my opinion weakened his vascular system and made him more susceptible to further insults.

"Q  Well, had he not recovered from the heat exhaustion?

"A  He recovered sufficiently to resume certain restricted activities, yes."

The question before the Court is whether the award and findings of the Industrial Commission denying a reopening of the claim is supported by reasonable evidence. The burden of proof is upon the petitioner who files a petition for reopening of a claim, to prove the allegations of his petition by a preponderance of the evidence. Dabbs v. Industrial Commission, 2 Ariz.App. 598, 411 P.2d 36 (1966).

Our Supreme Court has stated in Bedwell v. Industrial Commission, 104 Ariz. 443, 454 P.2d 985 (filed May 29, 1969):

" \* \* \* The test in reviewing an award denying compensation is that it must appear that the evidence was such that, as a matter of law, the award of the commission cannot be sustained because there is no reasonable basis in the evidence upon which the commission could

have reached its conclusion. (citations omitted) The weight which must be accorded the commission's finding is that they be given the same consideration as those of a jury or a trial judge. (citations omitted) In this the commission is the judge of the weight of the evidence and its conclusions based on the weight of the evidence will not be disturbed on appeal, (citations omitted). The reviewing court always considers the evidence in a light most favorable to sustaining the award. (citations omitted)."

It is the opinion of this Court that the record contains reasonable evidence in support of the Commission's award.

Affirmed.

STEVENS and CAMERON, JJ., concur.