483 P.2d 586

Kathleen SLOAN, Applicant-Widow, in the Matter of Andrew B. Sloan, deceased, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Apache Powder Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 547.

Court of Appeals of Arizona, Division 1, Department A.

April 12, 1971.

Rehearing Denied May 10, 1971.

Review Denied June 8, 1971.

Schorr & Karp, by Hal Howard, Ira Schneier, Tucson, for petitioner.

William C. Wahl, Jr., Counsel, Industrial Commission of Ariz., Phoenix, for respondent.

Evans, Kitchel & Jenckes, by Stephen W. Pogson, Phoenix, for repondent employer.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent carrier.

DONOFRIO, Judge.

This case is before us on the application by the widow for a writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona issued August 19, 1970. The award denied death benefits to her as the result of the death of her husband on November 24, 1969, due to a cardiac arrest and carcinoma of the pancreas. The decedent suf-

fered an industrial accident on July 9, 1968, when he fell approximately 30 feet from a roof. The injuries were diagnosed as multiple fractures of the right pelvis, sacrum, and lumbar transverse processes, as well as some right ribs.

The decedent was seen by Solomon Cutcher, M.D., on February 20, 1969, for symptoms which were eventually related to a blockage of his small intestines caused by cancer which had metastasized from a different (undetermined) area, presumed to be the pancreas. He was treated in consultation with Mark M. Kartchner, M.D., a vascular and cardiovascular surgeon, who had also treated him in relation to his industrial accident. Dr. Kartchner was asked at the hearing whether he could determine the time at which the cancer began, and stated that he was unable to do so. He was asked whether or not the cancer was in some way connected with the trauma of the fall, and stated with definiteness that he could not associate the two as being related. At another point in his testimony he stated that it was highly unlikely that any of the symptoms he saw when he first treated the decedent in 1968 were related to the cancer which was found in 1969.

The petitioner relies heavily upon the testimony of John Wright Cortner, M.D., an orthopedic surgeon, who had been the decedent's treating physician at the time of his industrial accident. Selected portions of Dr. Cortner's testimony were presented in the petitioner's briefs. However, the doctor's testimony must be taken as a whole, and we find that the selected portions are preceded by other testimony as follows:

"Q * * *

Now, do you have any opinion about the time of Mr. Sloan's cancer from the beginning? Can you put any beginning date on it at all?

"A No, I have no idea. As you have already mentioned, it is not my specialty, and it's been at least sixteen

**356**

years since I have treated cancer of the pancreas, and I am not up on it.

"Q Basically what I want to know is this: Do you have an opinion, to a reasonable degree of medical certainty, or medical probability either one you specify, as to whether Mr. Sloan's ability to resist the inroads of the cancer that he eventually died from was reduced in any degree by the trauma of the fall July 9th, 1968?

"A I don't believe I have a medical opinion. This is so far out of the line of practice in which I employ myself, that I just honestly don't know whether this type of thing leads to cancer or not. I think you could do as well asking the man on the street as you would myself.

"Q I am not asking you whether it led to cancer, but whether it, to some degree, reduced Mr. Sloan's ability to resist the effects of the cancer upon his general condition?

In other words, whether he was less able, to some degree, to resist the debilitating and eventually terminal effect of this cancer?

"A I honestly don't have an opinion on that. I do not know.

"Q Would you be able to say that a strong, healthy, vigorous person was better able to resist cancer than other—
Well, let's limit to cancer, and a person of Mr. Sloan's illnesses at the time you were treating him?

"A I don't believe, in the cancers that I have seen, and as I say in the past sixteen years they have been limited to cancer of bone and soft tissue, but I do not believe that the cancers are in any way affected by the patient's health at the time the cancer arises. The people that I have seen, the men have all been strong, healthy individuals. They are no more frequent in people that are debilitated

than they are in people who are healthy as you and myself.

"Q But once the cancer is there, and begins its inroads on the general health of the person, as they eventually do, isn't that right? Cancer, at least in many cases, and in this case did make inroads on his health and strength and vitality, wouldn't you say? Wouldn't you say that with Mr. Sloan, and with patients generally, that they are more likely to live longer if they are healthy when it starts than if they are debilitated by the type of fractures that you saw here?

"A Yes, I believe their longevity is increased if they are healthy when they first get the cancer rather than unhealthy.

"Q Do you hold that opinion to a reasonable degree of medical certainty?

"A Yes."

It is the opinion of the Court that the reasoning in In Re Estate of Bedwell v. Industrial Commission, 104 Ariz. 443, 454 P. 2d 985 (1969) is controlling. In that case our Supreme Court said:

"In considering their position we first note certain principles governing appellate review of compensable awards which have been stated and restated by this court. It is the burden of an applicant to show affirmatively all of the material elements necessary to sustain an award. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485; Helmericks v. Airesearch Mfg. Co., 88 Ariz. 413, 357 P. 2d 152; Cain v. Industrial Commission, 87 Ariz. 40, 347 P.2d 699; Harrington v. Industrial Commission of Arizona, 84 Ariz. 356, 328 P.2d 311; Sheridan v. Industrial Commission, 84 Ariz. 264, 327 P.2d 90; Smith v. Industrial Commission of Arizona, 82 Ariz. 75, 308 P.2d 698. The test in reviewing an award denying compensation is that it must appear that the evidence was such that, as

a matter of law, the award of the commission cannot be sustained because there is no reasonable basis in the evidence upon which the commission could have reached its conclusion. Helmericks v. Airesearch Mfg. Co., supra; Application of Barrett, 78 Ariz. 219, 278 P.2d 409; Korff v. Charles Luke Const. Corporation, 69 Ariz. 312, 213 P.2d 471; Phelps Dodge Corp. v. DeWitt, 63 Ariz. 379, 162 P.2d 605. The weight which must be accorded the commission's finding is that they be given the same consideration as those of a jury or a trial judge. Malinski v. Industrial Commission, supra; Phelps Dodge Corp., Morenci Branch v. Industrial Commission, 90 Ariz. 379, 368 P.2d 450. In this the commission is the judge of the weight of the evidence and its conclusions based on the weight of the evidence will not be disturbed on appeal, Valerio v. Industrial Commission, 85 Ariz. 189, 334 P.2d 768. The reviewing court always considers the evidence in a light most favorable to sustaining the award. Malinski v. Industrial Commission, supra; see Cross v. Industrial Commission, 81 Ariz. 222, 303 P.2d 710." 104 Ariz. at 444, 445, 454 P.2d at 986.

The petitioner attempts to distinguish this case from Bedwell by pointing out that in Bedwell the medical testimony relied upon was based on a supposition that the cancer preexisted the industrial accident. In the instant case, there was no medical evidence as to when the cancer began. The Commission as trier of fact weighed the evidence and reached the conclusion that the petitioner failed to sustain her burden of showing a causal relationship between the accidental injuries which were compensable, and the decedent's subsequent death from cancer. We do not believe the posture of the evidence is such that we could reach any conclusion other than that it is sufficient to sustain the award of the Commission.

The award is affirmed.

STEVENS, P. J., and CASE, J., concur.