485 P.2d 9

Charles D. WALLIS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

J. H. Welsh & Son Contracting Co., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA-IC 487.

Court of Appeals of Arizona, Division 1, Department B.

May 27, 1971.

Chris T. Johnson, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commn. of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by James E. Mc-Dougall, Phoenix, for respondent carrier.

JACOBSON, Presiding Judge.

The sole question presented in this review by certiorari of an award of The Industrial Commission is whether there is reasonable evidence in the record to support the Commission's finding that petitioner had no new, additional or previously undiscovered disability attributable to his industrial injury of September 23, 1968.

In January, 1968, the petitioner sustained an industrial injury to his back while employed as an iron worker in the state of California. The injury was diagnosed as an acute lumbosacral strain.

Following his move to Arizona, petitioner suffered a second industrially-related back injury while working as a laborer for J. H. Welsh & Son Contracting Company on September 23, 1968. This accident was accepted for compensation by The Industrial Commission and it is the denial of the reopening of the claim with respect to this injury which is now before this court.

Petitioner suffered a third industrially-related back injury on December 12, 1969, while employed by the Acme Meat Company.

On October 15, 1969, following the submission of numerous examination reports relating to petitioner's September 23, 1968, injury, petitioner was seen in group consultation by Drs. Johnson, Moore, Fishler, and Kelley. It was the opinion of the consultants that petitioner's industrial injury of September 23, 1968 consisted of a temporary aggravation of a pre-existing low back disability and that his condition could be considered stationary without any residual impairment of function attributable to the injury of September 23, 1968.

On November 3, 1969, the Commission entered a Finding and Award for Temporary Disability finding that the industrial injury of September 23, 1968 entitled petitioner to accident benefits until October 21, 1969, and that as a result of the said industrial accident the medical evidence reflected that the petitioner had no physical or mental disability. A petition for hearing was timely filed with respect to the November 3, 1969 award, followed shortly thereafter by a petition to reopen the claim. The petition to reopen was denied by the defendant insurance carrier on January 16, 1970, and a petition for hearing was timely filed. A formal hearing was scheduled for February 18, 1970, at which time both the November 3, 1969 award and the January 16, 1970 denial of reopening were considered. Following this hearing the two issues were disposed of by separate awards.[1]

We are here concerned only with the reasonableness of the evidence presented at the February 18, 1970 hearing pertaining to the denial of petitioner's petition to reopen.

Based upon the testimony of petitioner and Dr. Charles Lofdahl at this hearing, The Industrial Commission entered its Decision upon Hearing and Findings and Award Denying Reopening of Claim, finding *inter alia:*

"5. In October, 1969 after discharge from treatment relative to the injury of September 23, 1968 the applicant started work at the Acme Meat Company packaging and delivering meat and continued to do so until approximately December 12, 1969 at which time he slipped and fell on a slippery floor in the employer's

---

1. The first issue, i. e., whether petitioner had any new, additional or previously undiscovered disability as a result of his September 23, 1968 industrial accident, was disposed of by the procedure followed by The Industrial Commission prior to January 1, 1969, by Referee's Report to the Commission, with a formal decision, findings and award entered by the Commission, whereas the second issue regarding the petition to reopen was disposed of in accordance with the amended law as it existed on January 1, 1969— authorizing the issuance of a hearing officer's award.

freezer, apparently sustaining new injury by way of an aggravation of a pre-existing unstable back condition.

"6. The testimony of Dr. Lofdahl was equivocal and not of sufficient substance to support a finding of any causal relationship between the condition observed by him on December 18, 1969 and the industrial injury of September 23, 1968; said condition is more reasonably attributable to the industrial episode of December 12, 1969.

"7. The applicant did not sustain new, additional or previously undiscovered disability as a result of his industrial injury of September 23, 1968."

Petitioner has the burden of proving, on a petition to reopen, that his present complaints have resulted from his previous industrial injury, Edmiston v. Industrial Commission, 92 Ariz. 179, 375 P.2d 377 (1962); Verdugo v. Industrial Commission, 14 Ariz. App. 79, 480 P.2d 996 (1971). Moreover the Commission, as trier of fact, has the duty of weighing the evidence and assessing the credibility of witnesses, and its findings and award will not be disturbed where they are supported by any reasonable evidence. Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (1969); Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968).

Viewing the record in a light most favorable to upholding the award of the Commission, In re Estate of Bedwell, 104 Ariz. 443, 454 P.2d 985 (1969), our examination of the relevant testimony presented at the hearing reveals that the Commission's award was based upon reasonable evidence. Bearing upon the question of whether the condition found on December 18, 1969 was the result of the petitioner's industrial accident of September 23, 1968, or his industrial accident of December 12, 1969, Dr. Lofdahl testified as follows:

"Q. And you don't want to attribute a degree of impairment to the man. Mr. Johnson has asked you many questions. I am not sure you heard the whole questions, asking you whether he needed treatment and whether he has a disability; and on the end was added 'as a result of the injury'.

. "All these things you have testified to, are you saying that they are the result of the injury of 9/23/68?

"A. I'm not saying what the real cause—I mean what really caused his back pain, *whether as a re-injury, whether it is an old injury, or what. The sequence of events comes from him. To say that this injury caused it or this injury caused it, or if this was just a re-injury, I can't say.*

"*I would say that he did say his back had always bothered him since the previous injury and that he did re-injure his back on Thursday or Friday of the week before I saw him.*"

Based upon petitioner's testimony concerning the fall he took on December 12, 1969 while employed by Acme Meat Company, together with the above-quoted testimony of Dr. Lofdahl relating to the cause of petitioner's condition, we hold that there existed sufficient reasonable evidence upon which the Commission could base its conclusion that petitioner had not sustained any new, additional or previously undiscovered disability as a result of his September 23, 1968 industrial injury.

The award is affirmed.

HAIRE, and EUBANK, JJ., concur.