487 P.2d 404

**Marie L. MALONE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Pima County Board of Supervisors (Pima County General Hospital), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 548.**

Court of Appeals of Arizona, Division 1, Department B.

July 27, 1971.

Rehearing Denied Sept. 21, 1971.

Review Denied Oct. 19, 1971.

Lawrence Ollason and Walter L. Richards, Jr., Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Dee-Dee Samet, Phoenix, for respondent carrier.

EUBANK, Judge.

The only issue presented by the petitioner is whether the respondent-Commission's award of August 14, 1970, should have found her injury to be unscheduled rather than a scheduled one, or simply whether the record contains sufficient evidence to sustain the award.

On July 30, 1966, petitioner suffered a strain and sprain injury to her right forearm while working as a nurses' aid at the Pima County General Hospital, located within the city of Tucson. Thereafter, medical treatment resulted in complications followed by a neck operation in 1967. In May 1968 a doctors' consultation conference was held and their report indicates that the petitioner suffered some shoulder impairment in addition to the original injury to her forearm. The Commission set two hearings for March 18, 1970 and June 3, 1970, specifically for the purpose of determining the extent of her disability. Dr. Stanley S. Tanz testified to the effect that the only resulting disability suffered by petitioner was a 60% permanent disability of the right hand. He did not testify as to a shoulder disability, as such. He did testify that his 1968 report indicated stiffness in

the petitioner's shoulder, but no further inquiry into this question was pursued by the parties at the hearings. At the earlier hearing on March 18, 1970, for the same purpose, Dr. Jaime Vargas testified that the petitioner had suffered a 60% disability to the right hand, but he admitted that it could be 100% if pain were still a factor. He did not testify as to shoulder disability. The petitioner testified that she had limited movement of the neck resulting from the 1967 operation.

The petitioner contends that the record contains uncontradicted evidence that the petitioner suffered an impairment of neck and right shoulder motion in addition to her loss of function of the right hand. The basis of this contention is the Conference Consultant Report dated May 13, 1968, located in the claim file. This report noted a limitation of movement of her right shoulder at the time of examination. It also concluded that her condition was not stationary and stated, "She should also have a carefully supervised physical therapy program which should include stretching and exercising at home to overcome her right shoulder contractures as well as the contractures of the hand and wrist. She is improving and it is estimated it will be another three to six months at the discretion of her attending physician before she will have to be re-evaluated." The file then shows a report from Doctor Jacob Redekop, dated August 7, 1968, wherein he reports that the petitioner "* * * has improved markedly so that the shoulder now has a better range of motion and is improving." On September 19, 1968, Dr. Tanz performed a capsulectomy on the right hand. Thereafter on November 22, 1968, Dr. Tanz opined that her condition was stationary and that she suffered a 60% loss of the right (major) hand. The award, petition for hearing and hearings followed. Outside of petitioner's testimony at the June 3, 1970, hearing that she still suffered from a loss of neck and shoulder motion, and some pain, the file contains no other reference to such a complaint after Dr. Redekop's report of improvement on August 7, 1968.

■ Under these circumstances, we disagree with petitioner that the state of the evidence is uncontradicted or conclusive on the Commission. The May 13, 1968, Conference Consultant Report was obviously an interim report wherein the conclusions expressed were conditional looking to a three to six months' re-evaluation of the matter. No place else in the record is there any medical testimony relating to petitioner's alleged shoulder and neck disability. In such a situation it must be remembered that our review is limited to whether the award is justified from the record. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968); State Compensation Fund v. Bannister, 13 Ariz. App. 354, 476 P.2d 875 (1970). Additionally, the burden to prove the claimed disability is borne by the petitioner, Collins v. Industrial Commission, 12 Ariz.App. 420, 471 P.2d 305 (1970) and, as in this case, where the question can only be resolved by medical testimony, the petitioner's testimony does not meet the burden of proof. Montgomery v. Industrial Commission, 7 Ariz.App. 109, 436 P.2d 621 (1968). Finally, all inferences to be drawn from the evidence are construed in favor of supporting the Commission's award. Muchmore v. Industrial Commission, 81 Ariz. 345, 306 P.2d 272 (1957); Application of Barrett, 78 Ariz. 219, 278 P.2d 409 (1954); Montgomery v. Industrial Commission, supra.

■ In applying these rules to this case it is our opinion that the petitioner failed to prove that she suffers from a loss of neck and shoulder motion, consequently, the award of the Commission finding the injury to be a scheduled one under A.R.S. § 23-1044, subsec. B, as amended, is affirmed.

Award is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.