472 P.2d 80

**Russell L. BEOUGHER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Holsum Bakery, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 306.**

Court of Appeals of Arizona, Division 1, Department A.

June 25, 1970.

Rehearing Denied July 22, 1970.

Review Denied Oct. 6, 1970.

Gorey & Ely, by Herbert L. Ely, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, Industrial Commission of Arizona, for respondent.

Robert K. Park, Chief Counsel, by Arthur B. Parsons, Phoenix, State Compensation Fund, for respondent Carrier.

STEVENS, Judge.

The Industrial Commission entered its first award without a hearing finding a non-compensable claim. After a timely petition for hearing, a formal hearing was held and the Commission entered its further award finding a non-compensable claim. This matter has been brought before us for review and it is decided upon the law as it existed prior to 1 January 1969.

For approximately 14 years prior to 1967 the petitioner had been employed by the respondent employer first as a baker and then as a wrapper. For at least two years prior to 1967 he had experienced some problems evidenced by a stuffy nose condition and difficulty in breathing. During this time he had been attended by his family physician who, at the time of the hearing, had left the state to undertake specialty training. The family physician was not available as a witness at the formal hearing.

The petitioner's difficulties were acute in April 1967 and his family physician referred him to Dr. Howard M. Kravetz, a specialist in pulmonary diseases. Dr. Kravetz testified:

"A. Yes. My initial opinion at that time, if I may quote from my record: 'Number 1. Allergic bronchitis. Number 2, allergic rhinitis. Etiology most likely due to long term exposure to flour dust.'"

Dr. Kravetz examined the petitioner on 10 May, 21 June and 27 July in the year 1967. The doctor did not see the petitioner again professionally. The hearing in question was held on 17 July 1968. The doctor testified that Bermuda and mulberry pollens were prime offenders in the Phoenix area and the evidence indicated that the petitioner was exposed to these pollens. The doctor did not perform any allergy tests of any kind stating:

"A. The reason that this was not done for this patient or any other patient at that time of the year is because the skin testing can be completely misleading with the heavy amount of pollen that is existent in the air at that time.

"So in our own practice we rarely, if ever, will ever skin test during the spring or early summer season. The results are just too misleading."

In relation to the petitioner's vital capacity and the tests which the doctor had performed on each of the foregoing examination dates the doctor testified:

"Again I would say on the basis of just three separate readings this would not establish a trend as far as I am concerned."

There was evidence of presence of flour dust in the respondent employer's bakery.

The doctor reported that the petitioner's case history disclosed relief during the periods of time that the petitioner was absent from the Phoenix area. The petitioner moved to the state of Oregon where he secured some relief but still experienced shortness of breath on exertion. It is urged that Belshe v. Industrial Commission of Arizona, 98 Ariz. 297, 404 P.2d 91 (1965), and Enyart v. Industrial Commission of Arizona, 10 Ariz.App. 310, 458 P.2d 514 (1969), require that this Court set aside the award. We do not agree. In Belshe there was an affirmative medical diagnosis of a causal relationship. One doctor testified expressing a contrary opinion and the Supreme Court pointed out that the doctor had not conducted recognized tests which would support his opinion. In Enyart the medical diagnosis was positively based upon medical tests and the issue was the causal relationship of the workman's physical problems and the place of employment.

In the case before us there were several possible causes of the petitioner's problems. Flour dust was one of the potential sources of his problem. The doctor expressed why he was not able to conduct tests at the time of his three examinations in mid 1967, that period of the year being a period of heavy pollens. The record is silent as to the doctor being privileged to conduct tests at a time when the atmospheric conditions would be conducive to accurate results.

In our view Dr. Kravetz was not afforded the opportunity to verify his initial opinion. In our view, the record does not disclose medical evidence as to the disability experienced by the petitioner at the time of the hearing or that there was a causal relationship thereto arising out of his exposure to flour dust either as the primary cause or as an aggravating factor. In our view the petitioner has failed to carry his burden of proof.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.