764 P.2d 339

**KOEDYKER CONSTRUCTION CO., INC., Petitioner Employer,**

**Fremont Indemnity Company, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Mark Dibble, Respondent Employee.**

**No. 2 CA-IC 88-0008.**

Court of Appeals of Arizona, Division 2, Department A.

June 30, 1988.

Review Denied Nov. 8, 1988.

Jones, Skelton & Hochuli by Calvin Harris and Melinda K. Kelley, Phoenix, for petitioners employer and carrier.

Catherine A. Fuller, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Bury, Moeller, Humphrey & O'Meara by Kevin Miniat, Tucson, for respondent employee.

## OPINION

HOWARD, Presiding Judge.

This is a worker's compensation matter arising under Title 23, Chapter 5, A.R.S. Petitioners, Koedyker Construction Company, Inc. (Koedyker) and Fremont Indemnity Company, have brought this special action to challenge a decision upon hearing and findings and an award granting petition to reopen for new, additional or previously undiscovered disability or condition entered by the administrative law judge.

After hearing testimony by the employee, his attending physician, and the physician hired by the employer, the administrative law judge found that the employee was entitled to medical, surgical and hospital benefits relative to a November 13, 1985, injury in addition to temporary total and/or temporary partial disability compensation benefits as a result of such injury, both awards to commence from December 3, 1986, until such time as his condition was determined to be medically stationary.

The petitioners contend that the award is based upon medical opinion which is based on speculation and conjecture. We do not agree and affirm.

The employee injured his back on November 13, 1985, while employed by Koe-

dyker, which at the time was insured under the provisions of the Arizona Worker's Compensation Act. The employee had not had any prior problems with his back. He was off work for about one week and returned to work as a framer for Koedyker until June 1986. He then went to work for another employer for one month during which time he reinjured his back and filed a worker's compensation claim which was found to be compensable. He then went to work for a third employer and reinjured his back after one day. He testified that the problems he is having with his back are in the same areas which he originally injured on November 13, 1985.

■ A specialist in internal medicine, Dr. Daniel T. Mihalyi, is the employee's treating physician and began treating him on February 8, 1983, prior to the initial injury. His diagnosis on November 13, 1985, was acute lumbosacral sprain. He saw the employee again on September 22, 1986, and his diagnosis was again acute lumbosacral sprain which he related back to the November 13 injury. He saw the employee again on November 10, 1986, and recommended strengthening exercises, physical therapy, anti-inflammatory medications and that the employee stay off work for six weeks. He related the additional disability to the November 13, 1985, injury and said the worsening of the employee's condition was a new, additional, and previously undiscovered, condition.

Testifying for the employer was a specialist in orthopedic surgery, Dr. Bertram Kwasman. He examined the employee on January 12, 1987. He diagnosed the employee's condition as chronic mechanical low back strain with symptoms first being produced on November 13, 1985. He recommended a weight reduction program and exercises as supportive care to improve the employee's condition. He was of the opinion the 1985 injury was a contributing factor to the subsequent back flareups. He testified that the employee was medically stationary on January 12, 1986, but he was not prepared to say if the condition was permanent.

Under cross-examination Dr. Mihalyi testified as follows: ·

"Q. Okay. And when you saw him on November 15, 1985, you didn't have any X–rays taken, or do any diagnostic studies that indicated anything other than just a strain to his back, is that correct?

A. Correct.

Q. So Mr. Dibble could have healed from that particular strain that he had in his back after November 15, 1985, and returned to work, and then reinjured himself in June, 1986, and when you saw him in September, 1986, the problem that he could have had, could have been very well related to the June, 1986, injury, is that right?

A. That is possible.

Q. *And you don't have any medical facts that you are aware of at this particular point in time, based solely upon Mr. Dibble and not on your prior training or experience with back injuries, based solely upon his physical condition to contra-indicate that, do you?*

A. *No.* " (Emphasis added.)

The employer and carrier contend the above testimony shows that the doctor's testimony was based on speculation and conjecture. We do not agree.

■ Dr. Mihalyi's opinion was based upon his treatment of the employee, beginning in 1983, and on his observations as well as his experience and medical history. Petitioners' contention that medical opinion cannot be based upon medical history is entirely and totally without merit. See *Schulze v. Industrial Commission*, 94 Ariz. 35, 37, 381 P.2d 577, 579 (1963) ("the probative value of the medical opinion [depended] entirely on the validity of the medical history upon which [the opinion was] based"). The medical history constitutes part of the facts upon which a doctor can base his opinion. The cases cited by the petitioners do not hold otherwise and do not support petitioners' position. In *Beougher v. Industrial Commission*, 12 Ariz.App. 469, 472 P.2d 30 (1970), the court did not hold that the medical opinion could not be based upon medical history as petitioners contend. It simply held that be-

**580**

cause there were many possible causes of the employee's allergies and no allergy test had been conducted, he did not sustain his burden of proof. And in the case of *In re Estate of Bedwell,* 104 Ariz. 443, 454 P.2d 985 (1969), the doctor based his opinion upon a fact which was not true.

Petitioners in this case ignore the fact that even their own doctor supported the employee's position. "[A]n Industrial Commission decision will not be set aside if it is reasonably supported by the evidence." *Bill Breck Dodge, Inc. v. Industrial Commission of Arizona,* 138 Ariz. 388, 390, 675 P.2d 275, 277 (1983). "An award will be affirmed if, considering the evidence in a light most favorable to sustaining the award, there is any reasonable basis in the record to support such an award." Id. There is more than enough evidence in this case to support the award and this appeal was patently frivolous.

We therefore affirm the award of the Industrial Commission and impose on counsel and petitioners costs and reasonable attorney's fees incurred by the employee in opposing this special action. We direct the employee to file a statement of costs and attorney's fees pursuant to Rule 4(f), Arizona Rules of Procedure for Special Actions, and Rule 21, Rules of Civil Appellate Procedure, 17A A.R.S.[1]

LACAGNINA, C.J., and HATHAWAY, J., concur.

---

1. See *Mother Tucker's Food Experience v. Industrial Commission of Arizona,* 142 Ariz. 496, 690 P.2d 797 (App.1984).

