508 P.2d 750

**GRANT ROAD LUMBER COMPANY,**
Petitioner Employer,

**The Home Insurance Company,**
Petitioner Carrier,

v.

**The INDUSTRIAL COMMISSION of**
Arizona, Respondent,

Richard L. Adams, Respondent Employee.

No. 1 CA-IC 778.

Court of Appeals of Arizona,
Division 1,
Department B.

April 17, 1973.

Rehearing Denied May 18, 1973.

Review Denied June 26, 1973.

Everett, Bury & Moeller, P. C., by J. Michael Moeller, Tucson, for petitioner employer and petitioner carrier.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Law Offices of Bernard I. Rabinovitz, by James S. Dix, Tucson, for respondent employee.

HAIRE, Judge.

This is an appeal by writ of certiorari to review the lawfulness of an award of the Industrial Commission. The petitioning employer and insurance carrier question, on appeal, whether there is substantial evidence in the record to support the Commission's award. We find such evidence in the record and affirm the award.

The claimant, Richard Adams, testified that on December 17, 1970, he and another worker were unloading sheet rock and carrying it into a building late in the afternoon when he stepped into a hole. The claimant stated that he fell to his knees but then stood up and continued his work. The claimant was asked:

"Q Would you describe what pain you had at the time when you stepped into the hole?

"A Well, I just felt like, you know, something come loose from in the stomach or something like that, I couldn't tell.

So I said, 'Well, I'll be all right in the morning.' So we went on to the mess hall to eat.

"Q Did you have any pain the following day?

"A I had pain all day and from then on.

"Q Would you describe where the pain was? Where in your body it was?

"A In the low back up here (indicating), and in my ribs and my stomach. . . ."

The claimant originally went to his doctor complaining of symptoms compatible with a peptic ulcer condition. Examination X-rays indicated that such a condition was present. However, it was not until a subsequent visit to his physician, six weeks later, that he complained of symptoms involving his back. His physician testified that the claimant had pain and tenderness along his thoracic spine. The physician also stated that, while he personally doubted that the pain from the ulcer would mask the pain from the back sprain, it was possible.

The claimant did not tell his co-worker that he was injured or sick until the following day and his co-worker testified that he could not remember the claimant stumbling or falling and he did not know that afternoon whether the claimant had hurt himself or not—the hearing occurred more than a year after the incident in question.

Petitioners argue that the record simply does not support the claimant's contention that his back sprain was due to his activities on the afternoon of December 17, 1970.

■ We begin, of course, from the proposition that the award of the Commission will be upheld if there is substantial evidence to support it and that all evidence will be considered in a light most favorable to upholding the award. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968).

The uncorroborated testimony of the claimant is all that is in the record which supports the conclusion of the Commission that the claimant suffered his back injury on December 17, 1970. Such evidence may certainly be relied upon by the Commission. Cf. Carabetta v. Industrial Commission, 12 Ariz.App. 239, 469 P.2d 473 (1970).

■ The difficulty in this case seems to have arisen because the claimant has been uncommunicative. In the words of his physician:

" . . . I think the man is poorly educated. I don't believe he really knows how to perform properly, and maybe this

resulted in him not being able to get things straight and properly reported.

\* \* \* \* \* \*

"He doesn't seem, you know, to function too well."

The Commission's hearing officer has expressly taken this factor into account in making the award. Although the record on its face appears to present rather weak evidence in support of the Commission's finding that the claimant did suffer a back injury on December 17, 1970, in the course of his employment, we find that the evidence taken as a whole, especially in light of the hearing officer's observations on the claimant's difficulty in communication, is sufficient to affirm the award.

JACOBSON, Chief Judge, Division 1, and EUBANK, P. J., Department B, concur.