NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

VERONICA ROBINSON, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

SOUTHWEST AIRLINES, *Respondent Employer*,

INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA, *Respondent Carrier*.

No. 1 CA-IC 17-0021
FILED 3-20-2018

---

Special Action - Industrial Commission
ICA Claim No.  20151-730148
Carrier Claim No. 1538937W001
The Honorable Gaetano J. Testini, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Veronica Robinson, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent*

Lundmark Barberich La Mont & Slavin, P.C., Phoenix
By R. Todd Lundmark, Danielle Vukonich
*Counsel for Respondent Employer and Carrier*

———————————————

**MEMORANDUM DECISION**

———————————————

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

———————————————

**C A M P B E L**, Judge:

**¶1**　　　Veronica Robinson seeks special action review of an Industrial Commission of Arizona ("ICA") award and decision closing her industrial claim without finding permanent impairment. She argues the administrative law judge ("ALJ") erred in assessing the evidence presented. For the following reasons, we affirm the award and the decision upon review.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　On June 13, 2015, Robinson sustained an industrial injury—a minor closed-head injury—when a parking lot gate came down on the top of her head. At the time of the accident, Robinson worked as a customer service representative for Southwest Airlines. After accepting her claim, the respondent-carrier issued a notice of claim status, closing her claim without finding permanent impairment, effective August 24, 2015. In October 2015, Robinson filed a request for hearing.

**¶3**　　　After hearing testimony from Robinson and two medical experts, the ALJ issued findings and an award for temporary disability finding Robinson required no further active medical care, and had not sustained permanent impairment because of the industrial accident.

**¶4**　　　Robinson timely requested administrative review, but the ALJ affirmed the award. Robinson timely sought special action review by this court. We have jurisdiction under Arizona Revised Statutes ("A.R.S.")

sections 12-120.21(A)(2), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

**¶5** When reviewing the ICA's findings and award, we defer to the ALJ's factual findings, and consider the evidence in the light most favorable to upholding the award, but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003); *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

**¶6** Robinson argues the ALJ's decision was not supported by the evidence. She asserts the ALJ disregarded the testimony of her expert, Dr. Hemant Pandey and the Independent Medical Examination ("IME") performed by Dr. Kerry Knievel. Accordingly, she argues the ALJ incorrectly determined that she was medically stationary.

**¶7** The ALJ is the sole judge of witness credibility. *Holding v. Indus. Comm'n*, 139 Ariz. 548, 551 (App. 1984). It is the ALJ's duty to "resolve all conflicts in the evidence, and draw warranted inferences." *Malinski v. Indus. Comm'n*, 103 Ariz. 213, 217 (1968) (citations omitted). When more than one inference may be drawn, the ALJ is at liberty to choose either, and we will not disturb that conclusion unless it is wholly unreasonable. *Id.* We presume the ALJ considered all relevant evidence in the absence of a reason in the record to conclude otherwise. *See Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975). Robinson has not overcome that presumption; the record demonstrates the ALJ's findings were supported by competent evidence, including expert testimony and medical records.

**¶8** At the evidentiary hearing, the ALJ heard testimony from two medical experts, Dr. John Michael Powers and Dr. Hemant Pandey, both board certified neurologists. Dr. Powers testified that he examined Robinson on August 29, 2016. During the examination, he obtained a verbal medical history, including details about the industrial injury, and reviewed her medical records from other physicians. Dr. Powers found nothing abnormal in his neurologic examination, and found no evidence of occipital neuralgia, trigeminal neuralgia, or any objective evidence of a neurologic deficit of any kind.

**¶9** Dr. Powers opined that in her accident, Robinson had suffered mild head trauma that did not cause her prolonged occipital neuralgia. He noted that "when I read the records immediately preceding this injury, she is describing exactly the same headache that . . . [we are] dealing with now," and "there's no reason to believe that the blow to the

top of the head would have caused this problem." He explained that Robinson had been treated by Dr. Patrick Chang for headaches since 2014, and was prescribed and using Vicodin before the accident. He testified that Robinson regularly consumed four Vicodin a day before the accident for frequent headaches. Finally, regarding the accident, he opined that Robinson's condition was stationary, she required no further treatment, and she had not sustained a permanent impairment.

¶10        Dr. Pandey examined Robinson in June, July, and September 2016, and opined that Robinson would benefit from ongoing treatment. He also testified that because she reported an increase in the frequency of her headaches after the accident, her "current condition" was related to the industrial injury. Dr. Pandey admitted, however, that he did not have the specific information about the mechanism of injury in his records, and could not testify about the details of what happened on the date of the injury. He testified that he had not reviewed any prior medical records or diagnostics, and did not perform any diagnostics of his own. He acknowledged that Robinson had a long-standing problem with headaches and trigeminal neuralgia prior to the industrial accident, and admitted he did not know if there was an actual change in the type of headaches Robinson was experiencing since the industrial accident.

¶11        When expert medical testimony conflicts, it is the ALJ's duty to resolve the conflict and "to determine which opinion is more probably correct." *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609, ¶ 25 (App. 2000) (citation omitted); *see also Fry's Food Stores v. Indus. Comm'n*, 161 Ariz. 119, 121 (1989). In this case, Dr. Pandey based his opinion on incomplete information not supported by the evidence of record. Dr. Pandey testified he had considered neither Robinson's past medical records documenting a history of frequent headaches, nor the mechanics of the injury itself when he made his conclusions. The ALJ found Dr. Powers's testimony was demonstrably "well founded," as he based his opinions on pertinent medical information in addition to his own examination. Thus, after having considered the testimony, qualifications, and experience of both experts, *see Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988), the ALJ adopted the testimony of Dr. Powers as "most probably correct." Robinson has shown no error in the ALJ declining to accept Dr. Pandey's opinion and determining Dr. Powers's testimony and opinion were more credible.

¶12        This court will not disturb the ALJ's conclusion unless it cannot be supported by any reasonable theory of the evidence. *Phelps v. Indus. Comm'n*, 155 Ariz. 501, 506 (1987). Because the conflict between the two medical experts' testimony was resolved "in such a way that [the ALJ's]

findings are reasonably supported by the evidence," we find no abuse of discretion. *See Condos v. Indus. Comm'n*, 92 Ariz. 299, 301–02 (1962). As this court has explained, conflicting evidence may nonetheless be substantial evidence. *Shaffer v. Ariz. State Liquor Bd.*, 197 Ariz. 405, 409, ¶ 20 (App. 2000).

**CONCLUSION**

¶13     We affirm the award and decision upon review.



AMY M. WOOD • Clerk of the Court
FILED:  AA