NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MAVEN TENNEY, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

BIESEMEYER MFG, *Respondent Employer*,

TRAVELERS PROP CASUALTY CO OF AMERICA, *Respondent Carrier*.

No. 1 CA-IC 21-0005
FILED 9-28-2021

Special Action - Industrial Commission
ICA Claim No.  20192-910545
Carrier Claim No. FQM3307
The Honorable C. Andrew Campbell, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Maven Tenney, Woodruff
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark Barberich LaMont & Slavin PC, Phoenix
By R. Todd Lundmark, Eric W. Slavin
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge David B. Gass joined.

---

**M O R S E**, Judge:

¶1          Maven Tenney seeks review of an Industrial Commission of Arizona ("ICA") Award, finding his worker's compensation claim not compensable.  The administrative law judge ("ALJ") received Tenney's evidence and found it did not contain medical support for the claim.  We agree and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          From 1999 through May 2001, Tenney worked as a gas tungsten arc welder on an assembly line for Respondent Biesemeyer Mfg. He testified that for about six months at the end of that period, his supervisor erected a plastic, opaque sheet surrounding his work area to protect the vision of the workers around him from the bright light made by the welding process.  This barrier caused him to breathe in fumes that he believes were toxic and caused lung damage or some other harm. However, he did not file a worker's compensation claim until October 2019. Respondent Travelers Property Casualty Co. of America denied Tenney's claim, and he requested a hearing.

¶3          In preparation for the hearing, the parties submitted medical records.  One of these records is a report from Tenney's ER visit in July 2019. At that time, Tenney complained of exhaustion, but no significant findings were made, and Tenney left the ER before he was discharged because he was "feeling much better."  Tenney submitted an x-ray taken in November 2019.  The report accompanying the x-ray shows that Tenney's lungs were "clear" and he had "no active cardiopulmonary disease."  Finally, Respondents submitted an Independent Medical Examination ("IME") report from Dr. Daniel E. Brooks, a toxicologist who reviewed the available records and conducted an examination of Tenney on November 5, 2020. Dr. Brooks found no medical evidence of any pulmonary injury that could be related to the welding job in 2001.  At the hearing, only Tenney testified. After Tenney described the work environment he believes caused his injury, he admitted no doctor has ever diagnosed an injury related to his

claim. He does not have a primary care physician and has not for the past decade.

**¶4** The ALJ found that Tenney failed to prove his claim due to a lack of medical expert testimony showing an injury and causally relating it to the work events that he testified about. After his request for administrative review was denied, Tenney timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21(B) and 23-951(A).

## DISCUSSION

**¶5** In reviewing the ICA's findings and awards, we defer to the factual findings of the ALJ but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). We consider the evidence in the light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

**¶6** The ALJ correctly set forth the applicable law in this case in the Award. To show compensability, a claimant has the burden to prove an injury by accident arising out of and in the course of employment. *Malinski v. Indus. Comm'n*, 103 Ariz. 213, 216 (1968). If the work connection to an injury is not apparent to a non-specialist, expert medical testimony is necessary to prove compensability. *Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19 (1985) ("Unless a causal connection is clearly apparent to a lay person, the relationship must be established by expert medical testimony."). In this case, Tenney has shown neither that he was injured by the 2001 event nor, if there is an injury, that the 2001 events caused such injury. He was required to present expert medical opinion that he had an injury caused by breathing the welding fumes in 2001. He did not provide that evidence, and so his claim must fail.

## CONCLUSION

**¶7** We affirm the Award.



AMY M. WOOD • Clerk of the Court
FILED:   AA