NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DEROYCE BEAN, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

UPPER HOUSE LOGISTICS, *Respondent Employer*,

STARNET INSURANCE CO, *Respondent Insurance Carrier*.

No. 1 CA-IC 22-0011
FILED 1-19-2023

Special Action - Industrial Commission
ICA Claim No. 20211390468
Carrier Claim No. 002227-008031-WC-01
The Honorable Robert E. Trop, Administrative Law Judge

**AFFIRMED**

COUNSEL

Deroyce Bean, Glendale
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Jardine Baker Hickman & Houston PLLC, Phoenix
By Stephen C. Baker
*Counsel for Respondent Employer and Insurance Carrier*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge D. Steven Williams joined.

---

**H O W E**, Judge:

¶1          Deroyce Bean appeals from the Industrial Commission of Arizona's ("ICA") award dismissing his allegation that Upper House Logistics ("Upper House"), and its insurance carrier, Starnet Insurance Company, denied him benefits. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Bean was injured in May 2021 while delivering packages for Upper House. His workers' compensation claim was accepted. He received treatment, and in late September 2021, his treating physician released him to a modified work schedule—three days per week—with no restrictions. Bean challenged that decision, claiming that he was still "in pain and not fully recovered." The ICA set the matter for a hearing.

¶3          Before the hearing, the ICA issued notices to the parties telling them how the hearing process works and informing them of their responsibilities to call witnesses and submit documentation to support their positions. Specifically, the notice told Bean that he bore the burden of proving his contentions by providing evidence to support them. An ICA administrative law judge ("ALJ") held a prehearing conference in January 2022. At the conference, the ALJ asked Bean if he had questions about the hearing process. In response, Bean stated that he understood "the process and procedures well."

¶4          On the date set for the hearing, Bean failed to appear. He had also filed no documentation that he intended to present as evidence and had not requested a subpoena for witness testimony. The ALJ dismissed the matter based on Bean's failure to appear and failure to timely file medical documentation that would support his allegations about his medical condition.

¶5          Bean requested administrative review, arguing that he missed the hearing because of "data issues" with his phone, and requested that the hearing be reset with a new date. Upon review, the ALJ affirmed his prior decision, noting that even if Bean had personally appeared at the hearing, he would have had no medical documentation or testimony to prove that his medical condition required him to remain in a "no work" status as he contended. Bean then filed this special action review.

## DISCUSSION

¶6          In his brief, Bean states that on the hearing date, he called the phone number to be joined to the videoconference but could not join because of "tech phone issues." He then spoke on the phone to someone at the ICA about 20 minutes after the scheduled hearing start time. That person told him to write an explanation of his attempt to connect and send it to the ALJ, which Bean did. That explanation was received and treated as a request for administrative review. Bean also says in his brief that he subpoenaed doctors to testify on his behalf. However, we see no evidence of this in the ICA record.

¶7          A.R.S. § 23–1061(J) allows workers' compensation claimants to allege that they are not receiving the benefits to which they are entitled. The person claiming compensation benefits has the burden of showing entitlement to them. *Malinski v. Indus. Comm'n*, 103 Ariz. 213 (1968). Whether a claimant's medical condition allows him to return to work and under what circumstances is a question for medical expertise. *See Phelps v. Indus. Comm'n*, 155 Ariz. 501, 505 (1987) ("If the result of an industrial accident is not clearly apparent to a layman, then the causal relationship of the accident to the physical or mental condition must be established by expert medical testimony."). ICA rules require that a party seeking to subpoena an expert medical witness must request it in writing at least 20 days before the hearing begins. A.A.C. R20–5–141(A)(2). In addition, medical documentation that a party wants to be considered as evidence must be filed at least 25 days before the hearing begins. A.A.C. R20–5–155(A). The record here shows that Bean exercised neither of these opportunities.

¶8          Bean's treating doctor's opinion was that Bean was able to work without restrictions. Bean's claim that he could not return to unrestricted work status because of his medical condition needed support from an expert medical opinion. Nothing in the record shows that Bean was prepared to challenge the treating doctor's opinion with any other medical opinion. Thus, even though Bean may have had technical issues that

prevented his appearance at the hearing, it did not affect the outcome because he did not have any evidence ready to support his claim.

## CONCLUSION

¶9    For the foregoing reasons, we affirm the award.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4