NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JBI LLC, *Petitioner Employer*,

TWIN CITY FIRE INSURANCE CO, *Petitioner Carrier*,
*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

FRANCISCO PALACIOS, *Respondent Employee.*

No. 1 CA-IC 25-0017

FILED 03-12-2026

Special Action - Industrial Commission
ICA Claim No. 20223010101
Carrier Claim No. Y3VC33273
The Honorable Kevin B. Berkowitz, Administrative Law Judge

**AFFIRMED**

COUNSEL

Ritsema Law, Phoenix
By Alissa J. Mack, Karolyn F. Keller
*Counsel for Petitioner Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Snow & Carpio PLC, Phoenix
By Erica Gonzalez-Melendez
*Counsel for Respondent Employee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1 Petitioners JBI, LLC, doing business as Western Millwork, and Twin City Fire Insurance Co. challenge an Industrial Commission of Arizona (ICA) award finding Francisco Palacios requires further active medical treatment and authorizing lower back surgery. Because it is supported by substantial evidence in the record, the award is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 Palacios had worked for Western Millwork for about 10 years at the time of his claim. His job included lifting sheets of granite and marble. Medical records show that, in 2019, he sought medical treatment at an emergency room (ER) for low back pain. An X-ray revealed mild disc degeneration, and he was given pain medication and told to avoid heavy lifting. In 2021, he again sought medical treatment for work-related low back pain.

¶3 In the fall of 2022, Palacios made three ER visits for back pain. On September 11, 2022, the ER took lumbar spine X-rays and noted a normal impression. Palacios was referred to his primary care physician for follow-up. On September 15, 2022, again at the ER, he was diagnosed with a muscle spasm and sent home with pain medications. The treatment notes state "no numbness tingling or radiculopathy" in his lower extremities. A medical record for the third ER trip on October 15, 2022, states that Palacios had suffered an exacerbation of preexisting back pain, noting "no numbness or tingling or weakness."

¶4 Palacios filed a workers' compensation claim in October 2022, designating a September 29, 2022 injury date. Petitioners accepted his claim and he received treatment. In February 2024, based on an independent medical examination (IME) by Dr. Dennis Crandall, Petitioners closed the claim with no permanent impairment. Palacios protested the closure as well as Petitioners' denial of authorization for back surgery recommended by his treating physician.

¶5 At a September 2024 evidentiary hearing, Palacios testified that the injury occurred on September 29, 2022, when he was lifting heavy material and his lower back "popp[ed]." Western Millwork immediately sent him to a clinic that diagnosed a lumbar strain and gave him pain medication and instructions for home physical therapy. In April 2023 he received an epidural steroid injection, but that did not help. He testified that he wanted surgery recommended by his treating physician, Dr. Abhishiek Sharma.

¶6 Dr. Sharma, a neurosurgeon, testified that he began treating Palacios in June 2023 for back pain with numbness in his legs. He reviewed a March 2023 MRI that showed a disc extrusion at L5-S1, along with degenerative changes in the lumbar area. Dr. Sharma concluded that the extrusion was caused by an acute event, a "re-aggravation of a chronic issue," consistent with the injury Palacios described from late September 2022. He treated Palacios through early 2024, when he recommended surgery to repair the extrusion. Dr. Sharma opined that Palacios was not at maximum medical improvement. Because conservative treatments had failed, Dr. Sharma said surgery was consistent with standards for treatment in the Official Disability Guidelines (ODG).

¶7 Dr. Crandall, an orthopedic surgeon, testified about the results of his February 2024 IME. Based on his review of medical records and a physical examination, Dr. Crandall opined that Palacios had suffered an acute lumbar sprain/strain on top of chronic low back pain but no nerve root compression, radiculopathy or neurologic abnormalities. He concluded that Palacios was stationary and had no permanent impairment. He added that Palacios was not a candidate for surgery under the ODG because he met none of the four criteria: (1) pressure on a nerve; (2) radiating pain down the nerve; (3) numbness, weakness or loss of reflex; or (4) an EMG showing abnormal nerve signals.

¶8 After considering the evidence, the administrative law judge (ALJ) gave more weight to Dr. Sharma's opinion, concluding that "the disc extrusion was an acute injury related to the September 29, 2022, industrial injury that requires further active medical treatment to include surgery." Finding Palacios was not medically stationary, the ALJ's award permitted Palacios to undergo the surgery recommended by Dr. Sharma.

¶9 Petitioners requested reconsideration, contending that the ALJ gave too much weight to Dr. Sharma's opinion because he erred in concluding that Palacios did not have radicular leg pain before the late September 2022 work injury. Petitioners argued that Palacios' testimony

that his symptoms were similar for both the 2021 and 2022 injuries refuted Dr. Sharma's opinion that radicular leg pain began after the September 2022 injury. Palacios responded that his testimony about his symptoms caused by the 2021 injury was general, not specific, and did not necessarily contradict Dr. Sharma's understanding of his history.

**¶10** The ALJ denied the request for reconsideration, noting "there is insufficient evidence to support the notion that radicular complaints pre-date the date of injury . . . [partly because] medical records provided did not document pre-existing radicular symptoms or radiculopathy. . . ." Petitioners then timely filed this statutory special action. This court has jurisdiction under Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(2) and 23-951(A) and Arizona Rule of Procedure for Special Actions 10 (2026).[1]

## DISCUSSION

**¶11** This court views the evidence in a light most favorable to upholding the award. *See Avila v. Indus. Comm'n*, 219 Ariz. 56, 57 ¶ 2 (App. 2008). An ALJ is empowered to resolve all conflicts in the medical evidence, draw warranted inferences and assess witness credibility. *See Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988); *Malinski v. Indus. Comm'n*, 103 Ariz. 213, 217 (1968). This court will affirm an ALJ's resolution of conflicting medical opinions absent an abuse of discretion. *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 605 ¶ 10 (App. 2000). An abuse of discretion occurs when no reasonable theory of the evidence supports the decision. *Malinski*, 103 Ariz. at 217.

**¶12** Petitioners argue the ALJ erred by: (1) making material factual errors in the award; (2) giving significant weight to Dr. Sharma's opinion when it was based on a "flawed foundation" and (3) finding the recommended surgery was authorized by the ODG.

**¶13** Petitioners first argue the ALJ misstated the record in the award's findings of fact.[2] Petitioners point out that finding four does not mention Palacios' ER visits in September and October 2022. Those ER visits,

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] Petitioners' opening brief does not cite to the documentary exhibits in the record, which fails to comply with ARCAP 13(a)(5) and results in uncertainty about the basis for some of Petitioners' arguments.

however, are specifically referenced through Dr. Sharma's testimony in findings five and nine.

¶14 Petitioners note that finding six misstates the record by indicating that Dr. Crandall "reviewed the March 11, 2023, MRI, which showed minor disc pinching but nothing that could explain the leg symptoms. . . ." But Dr. Crandall testified that the MRI showed no disc pinching and the MRI results support that conclusion. Moreover, there is no dispute in the record or between the medical experts that the MRI shows a disc extrusion. Dr. Sharma testified that this explained the current symptoms in Palacios' legs.

¶15 Petitioners argue that finding nine misstates the evidence when it states that the October 2022 ER record shows new numbness and tingling symptoms. The record shows there were no symptoms of numbness or tingling recorded on that visit. But there is no evidence that Dr. Sharma misunderstood the records. He addressed the lack of those symptoms in his testimony, noting that the records showed "there was an active issue that occurred on or near" the October 2022 ER visit, which was consistent with the extrusion later revealed on the March 2023 MRI. This evidence supports Dr. Sharma's opinion and supports the ALJ's reasonable interpretation of the evidence.

¶16 Petitioners next argue that the ALJ gave too much weight to Dr. Sharma's opinion, which relied on Palacios' purportedly unreliable testimony about his symptoms before 2022. They contend that the ALJ should not have given Dr. Sharma's opinion more weight than Dr. Crandall's because Dr. Sharma's opinion was based on an "inaccurate factual background," citing *Fry's Food Stores v. Indus. Comm'n*, 161 Ariz. 119 (1989).

¶17 In *Fry's*, the Arizona Supreme Court stated that an expert opinion may be rejected if it is based on an incorrect factual assumption. 161 Ariz. at 122. But in *Fry's*, the worker developed "baker's lung" while working around flour dust. *Id.* at 120. The workers' compensation award found permanent impairment after resolving a conflict in medical expert opinion. *Id.* at 121. This court set aside the award, finding permanent impairment was unsupported because the medical opinion of a Dr. Dishner, adopted in the award, was based on "the erroneous assumption that [the worker] had not worn a mask" in the workplace. *Id.* The supreme court reversed, noting that the erroneous assumption "was only one part of the history . . . and was mentioned only one time." *Id.* at 122. In addition, "th[e] evidence did not require the ALJ to conclude that whether claimant

wore a mask was an incorrect and material predicate of Dr. Dishner's opinion testimony." *Id.* The supreme court stated the record supported a conclusion that the mask issue was irrelevant:

> We cannot conclude that the record requires a finding that the possible error about whether claimant wore a mask was necessarily a material, incorrect factual foundation of Dr. Dishner's opinion. . . . Consequently, no basis exists to reject the ALJ's finding that Dr. Dishner was more persuasive than Dr. Serbin in testifying as to the cause of claimant's condition.

*Id.* at 123. Here, too, Petitioners have not shown possible error based on Palacios' testimony about his symptoms from the 2021 injury as a material and incorrect foundation for Dr. Sharma's opinion. The ALJ did not abuse his discretion by resolving conflicting medical expert testimony in Palacio's favor.

¶18      Finally, Petitioners argue that the recommended surgery is not allowed under the ODG, even though Dr. Sharma testified otherwise. Because this argument is raised for the first time on appeal, it is deemed waived. *Stephens v. Indus. Comm'n*, 114 Ariz. 92, 94 (App. 1977).

## CONCLUSION

¶19      The award is affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR